UNITED STATES DISTRICT COURT
WESTERN DISTRICT MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS TOWLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, THOMAS TOWLER ("Plaintiff"), through his attorneys, Price Law Group, APC, alleges the following against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in Branson, Taney County, Missouri.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Norfolk, Virginia.

11. Defendant is a business entity engaged in the collection of debt within the State of Missouri.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around February 2014, Defendant began placing collection calls to Plaintiff.

19. Defendant calls Plaintiff on Plaintiff's home telephone at 417-544-45xx in an attempt to collect the alleged debt.

20. Defendant's calls Plaintiff from 888-772-7326, which is one of Defendant's numbers.

21. Within the least year, Plaintiff answered several of Defendant's calls placed to Plaintiff's cell phone.

22. On multiple occasions, Plaintiff has requested that Defendant's collectors stop contacting Plaintiff.

23. Despite Plaintiff's repeated requests for Defendant to cease contacting Plaintiff, Defendant continues to place collection calls to Plaintiff.

24. On one occasion, when Plaintiff told Defendant to stop calling, Defendant's collectors falsely informed Plaintiff that Defendant had the right to continue to call Plaintiff.

25. Defendant's collector who told Plaintiff that Defendant could continue to place collection calls to Plaintiff was working within the scope of his employment.

26. Defendant's collector who told Plaintiff that Defendant could continue to place collection calls to Plaintiff is familiar with the FDCPA.

27. Defendant's collector who told Plaintiff that Defendant could continue to place collection calls to Plaintiff knows that the FDCPA requires a collection agency to stop placing collection calls once they have been instructed to stop.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendant violated the FDCPA based on the following:
    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant's collectors continued to

3

call Plaintiff's home telephone after Plaintiff repeatedly requested that Defendant stop calling; and

b. Defendant violated §1692e(10) of the FDCPA by using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer when Defendant's collector falsely informed Plaintiff that Defendant could continue to place collection calls to Plaintiff despite being instructed to stop.

WHEREFORE, Plaintiff, THOMAS TOWLER, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.
30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.
31. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

November 3, 2014     By: /s/ _____

Mark D. Molner, Esq. (SBN 62189)
PRICE LAW GROUP, APC
2210 W. 75th Street
Prairie Village, KS 66208
Phone: (913)529-1474
Fax: (818)205-2730
mark@pricelawgroup.com